STANISLAUS NOWAKOWSKI, an Infant, by JOHN NOWAKOWSKI, His Guardian ad Litem, Respondent, v. NEW YORK AND NORTH SHORE TRACTION COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ.

NYACK NATIONAL BANK, Respondent, v. WALTER W. GRIFFITH, Appellant. — Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

MORITZ OBLER, Appellant, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ.

JOHANNA O'CONNOR, Respondent, v. BRADLEY CONTRACTING COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ.

HENRY OLIGSCHLAGER, Respondent, v. WILLIAM F. CONNELL, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

ELIZABETH POWERS, Respondent, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. The allegation of injuries contained in the complaint and limited in the bill of particulars did not permit evidence that the plaintiff was suffering from irregularity of menstruation as a result of the injury. The effect of the cases of *Kleiner v. Third Avenue R. R. Co.* (162 N. Y. 193) and *Keefe v. Lee* (197 id. 68) on the rule laid down in *Ehrgott v. Mayor, etc.* (96 id. 264), was carefully analyzed and explained by Mr. Justice Carr in the case of *Gilleland v. Greason* (156 App. Div. 46; affd., 215 N. Y. 744). (See, also, *Briscoe v. City of Mount Vernon*, 174 App. Div. 200.) The general allegations of damage in this complaint and bill of particulars are so limited by the specifications of the respect wherein the plaintiff was injured as to limit the recovery to compensation for the injuries specified. As irregularity of menstruation is not shown to be the necessary, usual and immediate result of the physical injuries from which the plaintiff suffered (*Briscoe's Case, supra*, 204), it cannot be proved without specific allegations in the complaint that it was caused by the injury, or general allegations unlimited by the recital of the specific injuries. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

HELENE PRICE, an Infant, by FLORENCE J. PRICE, Her Guardian ad Litem, Respondent, v. JEAN Y. BULLARD, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ.

GEORGE J. PUCKHAFER, Appellant, v. GEORGE A. MEYER, Respondent, Impleaded with Others, Defendants.— Order modified by allowing as costs to plaintiff, trial fee before referee, thirty dollars (because an answer had been interposed by the guardian *ad litem*), also costs after notice of trial, fifteen dollars. As thus modified, the order of retaxation is affirmed, without costs on this appeal. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.